**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AHMED MOHAMMED-
ABDULLAH-OMAR AL-HAJ,

    Defendant - Appellant.

No. 17-3177

(D.C. No. 5:03-CR-40100-SAC-4)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK,** and **MORITZ**, Circuit Judges.[**]

To make a long story short, Defendant Al-Haj filed a motion pursuant to Fed.
R. Civ. P. 60 asking the federal district court in Kansas to hold "void" a Kansas state
forfeiture proceeding that was resolved against him in 2006. Specifically, Defendant
sought the return of $4,453 in cash and a 1998 Chevy Tahoe. The district court
denied Defendant's motion on the merits and Defendant appealed. We exercise
jurisdiction under 28 U.S.C. § 1291. Now before the Court is the Government's

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

motion to dismiss this appeal for want of jurisdiction on the basis of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments, rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Such cases overlook the fact that appellate jurisdiction over state court judgments rests, via 28 U.S.C. § 1257, in the Supreme Court alone. Defendant here litigated and lost in state court. His Rule 60 motion essentially invited the district court, a federal court of first instance, to review and reverse an unfavorable state court judgment. Accordingly, the district court should have dismissed Defendant's motion for want of jurisdiction. While we DENY the Government's motion to dismiss *this appeal* for want of jurisdiction, we VACATE the decision of the district court and REMAND to the district court with instructions to dismiss Defendant's motion for want of subject matter jurisdiction. *Exxon Mobil*, 544 U.S. at 283–84.

Entered for the Court


Bobby R. Baldock
United States Circuit Judge

2